# Charleston.

WILLIAM H. SHIELDS *et al. vs.* FARMERS' BANK OF VIRGINIA.

January Term, 1872.

1. Suit is brought against several defendants, one of whom was not served with process. By the record it appears that the parties appeared by their counsel, and the *defendants* pleaded the statute of limitation, &c. Judgment is rendered against several of defendants, including the one not served with process. And it is held that inasmuch as it appears by the record, this plea not being set out, that the defendants appeared and filed the plea, it would comprehend *all* of the defendants, unless the contrary appeared by the plea or otherwise in the record. And the court having rendered judgment against the party not served, by name, without objection, and it being his right to appear and plead without having been served, the presumption arises that the party did join in the plea, and was therefore properly before the court.

2. A case coming within the provisions of the acts of 1865, page 72, and 1866, page 92, in relation to the time during which the statute of limitations was not to operate.

Action of debt in the circuit court of Greenbrier county; summons issued May 5th, 1869; judgment for plaintiff, January term, 1870. The defendants pleaded the statute of limitations, the debt sued on being a negotiable note dated January 16th, 1862, to which the plaintiff replied generally. The effect of the plea and replication was to bring forward the question as to whether chapter 81, page 72, acts 1865, and chapter 91, page 92, acts 1866, in relation to excluding certain time during which the statute of limitation was not to operate, were repealed by section 4, page 643, Code 1868.

The other question insisted on in this court, appears in the opinion of Berkshire, P.

The defendants brought the case here.

*Dennis* for the plaintiffs in error.

*Mathews & Mathews* and *Faulkner* for the defendant in error.

The length of time necessary to bar an action upon a negotiable note was, ordinarily, when these suits were brought, and had been for a long time, five years; the note in question matured and was due on the 13th day of May, 1862. Suit was instituted on the 5th day of May, 1869, so that a period actually longer than five years elapsed between the maturity of the note and the commencement of the suit upon it; and, of course, if that whole period is to be counted in computing the bar of the statute, the court below erred in overruling the plea of the defendants there—appellants here—and judgment should have been rendered in their favor. We must then inquire if any part of that period is to be excluded, and, if any, how much? It is now no longer worth while to argue in support of the *reasoning* of the court below, which led it to give judgment for the plaintiff, since this conclusion has been so fully vindicated, though upon different grounds, by decisions of this court, of the supreme court of the United States, and of other courts, both state and federal, that are entitled to great weight and consideration—and the appellees, to show that the position taken by the circuit judge, in his opinions, is correct, to the effect that statute, page 643, § 4 of the Code, does not expressly, nor by necessary implication, repeal the act of 1865, page 72, ch. 81, and that such a construction makes it retrospective, bars past rights of action without, in fact, any allowance of time for the institution thereof in the future, and is irreconcileable with constitutional provisions in favor of rights of private property, and by taking away the capacity to enforce the remedy, necessarily affects the obligatory force of contracts; refer to the following authorities, viz: 2 Kent Comm., p. 455; 4 Wheaton, 200; 10 Mass., 437; 12 Mass., 383; 16 Mass., 215; Angel on Limitations, pp. 31, 32 (old), 17 and 18 (new). And to show that "rights accrued," in the sense claimed by the appellees here, are saved to them by the repealing section of the Code ch. 166, § 2, they refer to the revised statutes of New York, § 45; Act of Limitations of Vermont, § 29; Code of Va., 1860, ch. 149, § 19.

But be this matter of statutory law as it may, this court has held, in *Caperton* vs. *Martin,* 4 W. Va., pp. 148–149, that

taking judicial cognizance, as it is bound to do, of the proclamation of President Lincoln, which declared Greenbrier county to be in insurrection, dated July 1st, 1862, (not the proclamation of 1861, with which it has sometimes been confounded,) it must also take cognizance of the fact, without its being replied specially to a plea of the statute of limitations, that from that date down, either to the surrender of the armies in rebellion, the rehabilitation of the courts, the proclamation by President Johnson, dated April 2d, 1866, or perhaps, even the proclamation of peace in August, 1866, (and the first of these dates will be late enough for the appellees,) there were not and could not be in such an insurrectionary region any legal courts in which suits might have been instituted, and that the courts being thus closed to suitors and in consequence of this condition of things, the statute of limitations, independent of all statutory provisions, did not run during that whole period, thus including, at the very least, from computation, two years and nine months—a time quite sufficient to relieve these suits from any bar. Nor does the fact that the courts of Kanawha were open to citizens of Greenbrier make any difference, for recognizing the legal character of the former and the rebellious condition of the latter county, this court must know that the line between loyalty and insurrection, between the armies of the United States and the Confederate States, ran somewhere between these counties, and any intercourse between their citizens was not only impossible in fact, but in direct contravention of international law and public policy. This case, last cited, is, it is submitted, entirely conclusive on the point made by the plea; but were any support needed, it is fully corroborated in the case of *Hanger* vs. *Abbott*, 6 Wallace, 532; affirmed in the case of *The Protector*, 9 Wallace, 687; *Levy* vs. *Stewart*, 11 Wallace, 244. For though each of these cases was between a plaintiff who resided in a loyal State and a defendant who lived in one of the rebellious States, yet the conclusion of the supreme court of the United States, that the period of the late war must be excluded in computing the time in which suits should be brought, being based entirely upon the fact that during that period the courts were closed by insurrection and no suits could be instituted, applies with equal force to a

case like that of *Caperton* vs. *Martin*, where both parties resided within the same jurisdiction, and in an insurrectionary region; and this is expressly laid down in the case of *Brown* vs. *Heatt*, decided by the United States circuit court for the district of Kansas, reported in Law Times, U. S. Courts Reports for March, 1871, p. 73, and also in *Jackson Ins. Co.* vs. *Stewart*, 8 Am. Law Reg., (N. S.,) 673, where the doctrine, in a note, is commented upon and approved by Judge Redfield; see also *Semmes* vs. *Ins. Co.*, 2 A. L. T. R. But if any doubt still remains, and it is thought something more is needed, some statutory enactment to exclude the period of the war, this difficulty is done away and this doubt removed by the decisions of the supreme court in the cases of *Stewart* vs. *Kahn*, 11 Wallace, 493; *United States* vs. *Wiley*, 11 Wallace, 508, where it was held that the act of congress of June 11th, 1864, providing "that whenever during the existence of the present rebellion any action, civil or criminal, shall accrue against any person," "the time during which such person shall be beyond the reach of judicial process, shall not be deemed or taken as any part of the time limited by law for the commencement of such action," was not prospective alone, and *applied to cases in the sttae courts*, as well as to those in the federal courts.

BERKSHIRE, P. This was an action of debt, instituted by the appellee, in the circuit court of Greenbrier county, against William H. Shields, the maker, Thomas A. Bell, the payee and endorsee, and Johnston E. Bell and Michael A. Bright, endorsers, of a negotiable note for two hundred and fifty dollars, made by the said Shields to Thomas A. Bell, dated the 16th day of January, 1862, and negotiable and payable, without offset, at the Farmers' Bank of Virginia, at Lewisburg, one hundred and sixteen days after the date thereof.

The process does not appear to have been served on the defendant Bright, but it is recited in the record, that at the January term, 1870, the parties appeared by their counsel, and that the *defendants* pleaded the statute of limitation to which the plaintiffs filed a general replication; and the parties not requiring a jury, the case was submitted to the court for trial. And after hearing the evidence, a judgment was

rendered against the defendants Shields, Bright and Johnston E. Bell for the amount of said note and accrued interest. These defendants are complaining here as appellants. There was no demurrer to the declaration, and no exceptions taken to the judgment rendered. Nor are any of the facts proven, as evidence, produced on the trial found in the record.

It was insisted by the counsel for the appellants, however, that the judgment on the *face of the record* is erroneous, as to the appellant Bright, because he was not served with process, and consequently was not before the court when the judgment was rendered against him. The plea is not set out or found in the record. But it is recited that the *defendants* appeared and filed it, and this would comprehend *all* of the defendants, unless the contrary appeared by the plea, or otherwise, on the record. And as they have the *right* to appear and plead, although not served with process, and as the court rendered judgment on the issue found on such plea against Bright, by name, as well as other defendants, without objection, so far as the record discloses, I think it is but a reasonable presumption here that *he* also joined in the plea, and was therefore properly before the court when the case was heard and the judgment rendered. In my judgment there was no error in holding that the debt was not barred by the statute of limitations, and no error in the judgment rendered by the circuit court, and the same must therefore be affirmed with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.